[Cite as *Hurley v. Dept. of Transp.*, 2011-Ohio-6879.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY S. HURLEY

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-04983-AD

Acting Clerk Daniel R. Borchert

## MEMORANDUM DECISION

{¶1} Plaintiff, Kimberly Hurley, filed this action against defendant, Department of Transportation (ODOT), contending that her vehicle was damaged on March 13, 2011, at approximately 10:00 p.m as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 71. Specifically, plaintiff asserted that a wheel on her 2003 Cadillac Deville was damaged as a result of striking a pothole on I-71 southbound. In her complaint, plaintiff requested damage recovery of $230.05, which represents the cost of a replacement wheel. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's incident. Defendant notes that plaintiff's incident occurred "at state milemarker 176.92 or county milemarker 18.78 on I-71 in Richland County." Defendant contended that plaintiff did not produce any evidence to establish the length of time the pothole at milepost 176.92 on Interstate 71 existed prior to her March 13, 2011 damage

occurrence.

{¶3} Furthermore, defendant contended that plaintiff failed to offer evidence to prove that ODOT negligently maintained the roadway. Defendant asserted that plaintiff has not shown her property damage was attributable to conduct on the part of ODOT personnel. Defendant explained that the ODOT "Richland County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered at milepost 176.92 on Interstate 71 the last time that particular section of roadway was inspected prior to March 13, 2011. The claim file is devoid of any inspection record. Defendant did submit a copy of the "Maintenance History" for Interstate 71 in Richland County covering the dates from September 1, 2010, to March 13, 2011. This record shows that ODOT crews patched potholes in the vicinity of plaintiff's incident on March 8, 2011.

{¶4} Plaintiff did not file a response.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. No. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶9} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a

reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD.

{¶11} In this case, defendant admitted patching potholes in the vicinity of milepost 176.92 on I-71 southbound five days prior to plaintiff's incident. A patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, 2003-01270-AD, 2003-Ohio-2618;*Schrock v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-02460-AD, 2005-Ohio-2479. However, plaintiff has failed to prove that the pothole she struck had been previously patched or that the patching material was subject to rapid deterioration. Plaintiff has not proven negligent maintenance by providing evidence of multiple repairs. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KIMBERLY S. HURLEY

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2011-04983-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

 

                  _____
                  DANIEL R. BORCHERT
                  Acting Clerk

Entry cc:

| Kimberly S. Hurley | Jerry Wray, Director |
|---|---|
| 350 W. Johnson | Department of Transportation |
| Upper Sandusky, Ohio  43351 | 1980 West Broad Street |
|  | Columbus, Ohio  43223 |

SJM/laa
7/21
Filed 8/9/11
Sent to S.C. reporter 1/3/12